IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 3:20-CR-97-HTW-LGI

CADRIUS BAKER

## **OPINION**

This case came on to be tried before this court on April 21, 2022.  The Defendant,

Cadrius Baker, was charged, in a three-count criminal indictment, with violation of 18

U.S.C. § 922(a)(6), § 924(a)(1)(A), § 924(a)(1)(D), §924(a)(2) and §922(n).

 **Count One** charges Baker as follows:

>        That on or about February 26, 2020, in Warren County, in the Northern
> Division of the Southern District of Mississippi, the defendant CADRIUS
> BAKER, in connection with the acquisition or attempted acquisition of a firearm
> from USA Pawn & Jewelry, a licensed dealer of firearms within the meaning of
> Title 18, United States Code, Chapter 44, knowingly made a false and fictitious
> statement to USA Pawn & Jewelry, which statement was intended and likely to
> deceive USA Pawn & Jewelry as to a fact material to the lawfulness of such
> acquisition of said firearm to the Defendant under Chapter 44 of Title 18, in that
> the defendant represented that he was not then under indictment or information
> in any court for a felony crime for which the judge could imprison him for more
> than one year when answering Block 11.b on Department of Treasury, Bureau
> of Alcohol, Tobacco and Firearms Form 4473, Firearms Transaction Record,
> whereas in truth and in fact, the defendant then knew that he was under

indictment for such a crime, in violation of Title 18, United States Code, Sections 922(a)(6)[1] and 924(a)(2).[2]

*Redacted Indictment* [doc no. 3 p.1]

**Count Two** charges that Baker knowingly made a false statement and representation with respect to information required by Title 18, United States Code, Chapter 44 with respect to information required by the provisions of Title 18, United States Code, Chapter 44 to be kept in the records of USA Pawn & Jewelry, in that the defendant represented that he was not then under indictment or information in any court for a felony crime for which the judge could imprison him for more than one year when answering Block 11.b on Department of Treasury, Bureau of Alcohol, Tobacco and Firearms Form 4473, whereas in truth and in fact the defendant then knew that he was under indictment for such a crime, in violation of 18 United States Code, Section § 924(a)(1)(A).[3]

---

[1]Section 922(a)(6) provides in relevant part:
(a) It shall be unlawful—
. . .
    (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter;
18 U.S.C. § 922(a)(6).

[2] (Section 924(a)(2) provides in relevant part:
(a)(2) Whoever knowingly violates *subsection (a)(6),* (d), (g), (h), (i), (j), or (o) *of section 922* shall be fined as provided in this title, imprisoned not more than 10 years, or both.
18 U.S.C. § 924(a)(2) (emphasis added).

[3] Section 924(a)(1)(A) provides in relevant part:
(a)(1) Except as otherwise provided in this subsection, subsection (b), (c), (f), or (p) of this section, or in section 929, whoever--
(A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter;

*Redacted Indictment* [doc no. 3 p.2]

**Count Three** charges that Baker, who was then under indictment for a crime punishable by imprisonment for a term exceeding one year (in other words, a felony), did willfully receive a firearm that had been shipped and transported in interstate commerce, from on or about March 3, 2020, through on or about March 23, 2020, in Warren County, Mississippi, in violation of 18 U.S.C. §§ 922(n)[4] and 924(a)(1)(D)[5].

*Redacted Indictment* [doc no. 3 p.2]

The evidence established that the venue for Counts One, Two and Three was Warren County Mississippi, which is within the Southern District of Mississippi.

## **LAW:**

The Fifth Circuit Court of Appeals case of *United States v. Fields* establishes the elements necessary to prove guilt of the above offenses.

As to the violation of §922(a)(6) (Count One in the instant case), according to the Fifth Circuit, "the government must show that the defendant [ ] knowingly made false statements and that such statements were intended to deceive or likely to deceive a federally licensed firearms dealer with respect to any fact material to the lawfulness of the sale." *United States v. Fields*, 977 F.3d 358, 363 (5th Cir. 2020) (citing *United States v. Ortiz-Loya*, 777 F.2d 973, 979 (5th Cir. 1985).

---

[4] Section 922(n) provides:
It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a team exceeding one year to ship or transport in interstate commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

[5] Section 924(a)(1)(D) provides in relevant part:
(a)(1) Except as otherwise provided in this subsection, subsection (b), (c), (f), or (p) of this section, or in section 929, whoever—
(D) willfully violates any other provision of this chapter.

The Fourth Circuit case of *United States v. Abramski,* 706 F.3d 307, 315–16 (4th Cir. 2013) aff'd, 573 U.S. 169 (2014) was affirmed by the United States Supreme Court.  The *Abramski* case clarified that a conviction under §922(a)(6) requires that the false statement be ***material*** to the sale of the firearm.  *Abramski* establishes four elements that must be proven by the Government for a conviction under §922(a)(6):  "(1) the defendant knowingly made (2) a false or fictitious oral or written statement that was (3) material to the lawfulness of the sale or disposition of a firearm, and was (4) intended to deceive or likely to deceive a firearms dealer." *Id.*; *United States v. Harvey,* 653 F.3d 388, 393 (6th Cir. 2011).

*Fields* also provides the elements required to prove a violation of  § 924(a)(1)(A) (Count Two in the instant case ).  The Fifth Circuit states these requirements as follows:

> T]he government must prove that "(1) the dealer was a federally licensed firearms dealer at the time the events occurred; (2) the defendant made a false statement or representation in a record that the licensed firearms dealer was required by federal law to maintain; and (3) the defendant made the false statement with knowledge of its falsity." *United States v. Pena*, 541 F. App'x 453, 455 (5th Cir. 2013) (quoting *United States v. Abramski*, 706 F.3d 307, 316–17 (4th Cir. 2013), *aff'd*, 573 U.S. 169, 134 S.Ct. 2259, 189 L.Ed.2d 262 (2014)).

*United States v. Fields,* 977 F.3d at 363.

While knowledge of the statement's falsity is required to establish guilt on Count Two, neither materiality nor intent nor likelihood of deceit needs be shown.  It is necessary, however, to show that the false statement was made to a federally licensed dealer and that it was made in a record the dealer is required to maintain.

Count Three charges Baker with willfully receiving a firearm that had traveled in interstate commerce in violation of 18 U.S.C. §922(a). The parties stipulated to Baker's receipt of the firearm and that it had been transported in interstate commerce;

so, those elements are proven. The Government, however, must also prove that the receipt was "willful."  The Government must show that the defendant knew that he was under indictment at the time that he received the firearm, *United States v. Forbes*, 64 F.3d 928, 934 (4th Cir. 1995) (agreeing with Fifth Circuit), and that he knew his status prohibited him from possessing a firearm. *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

The Defendant claimed, as a defense to all three counts, that he did not know that he was under indictment at the time he completed the ATF Form 4473 and that the Government was required to prove that he had knowledge of his indictment for this court to find him guilty of Count One, Count Two or Count Three of the indictment.  Defendant further argues that to prove him guilty of Count One and Count Three, the Government also had to prove that the Defendant understood he was prohibited from purchasing or possessing a firearm because of his felony indictment.  The Defendant argued at trial that the Government did not prove that he had knowledge of his indictment, nor of his status as a person prohibited from purchasing or receiving a firearm.

In reviewing the law in this area, this court is informed by *United States v. Pearson,* a case tried by this court before a jury in Criminal No. 3:18-cr-250 HTW- FKB (S.D. Miss. Dec. 9. 2019) and affirmed by the Fifth Circuit Court of Appeals at *United States v. Pearson*, 818 Fed. Appx. 382 (5th Cir. 2020).  Michael Pearson, the Defendant in that case, was charged under the same provision as the Defendant in the case at hand, 18 U.S.C. §922(a)(6).

Pearson claimed that at the time he attempted to acquire a firearm from a federally licensed firearms dealer he did not know that he had previously been committed to a mental institution.  Like Defendant Baker in the instant case, Pearson contended that he did not have

knowledge of his actual status (as someone previously committed to a mental institution) and therefore, did not ***knowingly*** make a false statement on the purchasing form.  The jury found otherwise, finding beyond a reasonable doubt that Pearson did have knowledge of his status and did ***knowingly*** make a false statement in violation of 18 U.S.C. 922(a)(6).

On appeal, Pearson argued that that the Government did not present sufficient evidence for the jury to conclude that he had knowledge of his prior commitment order to a mental institution. *Id.,* at 383.  In affirming Pearson's conviction, the Fifth Circuit, quoting *United States v. Chapman*, stated, "[t]he rationality of inferences ultimately rest[s] on common sense."  *United States v. Chapman*, 7 F.3d 66, 68 (5th Cir. 1993).  "This ordinarily is a quintessential jury question," the Court there continued. *Id.,* (citing *Chapman* at 68.)  The case *sub judice,* a bench trial, presents this question concerning Defendant's knowledge as a quintessential question for the factfinder, the undersigned judge, in this instance.

## FACTS:

The Government and the Defendant stipulated to certain facts, which have been admitted into evidence, as follows:

1) The pistol at issue was manufactured in Romania and brought into the State of Mississippi, thus having traveled at some time in interstate commerce prior to March 23, 2020, the date it was found in Baker's possession.

2) On February 26, 2020, the Defendant made a false statement while attempting to acquire a firearm, by marking "no" in response to question 11.b on ATF Form 4473, which asked if he was then under indictment or information for a felony crime or any crime for which a judge could imprison him for more than one year.

6

3) On February 26, 2020, USA Credit Corp., d/b/a Pawn & Jewelry located at 235 Warrenton Road in Warren County, Mississippi, was then and continues to be a federally licensed firearms dealer within the meaning of Title 18 United States Code Chapter 44.

4) The Defendant's statement to USA Pawn & Jewelry that he was not under indictment made on February 26, 2020, pertained to information that the law requires a licensed dealer to keep.

5) The Defendant's false statement is a material fact, that is, a fact which would affect the legality of the sale of the firearm to the Defendant.

6) On or about March 23, 2020, the Defendant did receive a firearm as identified in the indictment.

*Trial Exhibits G-1 through G-6.*

**COUNT ONE:**

In order to find  Defendant guilty of violation §922(a)(6), the Government was required to  prove beyond a reasonable doubt, the following:

*(1)* That the defendant made a false statement while acquiring or attempting to acquire a firearm from a licensed dealer.

*(2)* That the defendant knew the statement was false, and

*(3)* That the statement was intended or was likely to deceive the dealer about a material fact; i.e., one which would affect the legality of the sale to the defendant.

*United States v. Fields,* 977 F.3d 358 (5th Cir. 2020).

The Defendant has stipulated to the fact that he made a false statement while attempting to acquire a firearm. Therefore, the first of the three above elements has been met. The next issue is whether Baker **knew** the statement was false.

The testimony of Baker's previous lawyer, Daniel Edney (hereafter "Edney") was that he represented Baker for a period extending ***over four years*** on charges in state court in Warren County, Mississippi[6]. Testimony and documentary evidence further showed that Baker was indicted not once, but twice – in January 2017 and again in the summer of 2017 – on separate felony charges punishable by one year or more in the penitentiary.  Arraignments were conducted on both charges, the Defendant was present at both arraignments, and he was served with the indictments at both arraignments.

Additionally, according to Edney, Baker was present for numerous pretrial hearings (referred to as omnibus hearings by Attorney Edney) and status hearings that were conducted over several years on the charges for which Baker had been indicted.  Moreover, the charges leveled at Baker and for which he was indicted, were very serious charges which would put anyone on notice that these were felony charges punishable by more than one year's imprisonment.  Baker was charged, *inter alia,* with an aggravated assault, and an armed carjacking.   As The Fifth Circuit Court of Appeals stated  in *United States v. Chapman*, "[t]he rationality of inferences ultimately rest[s] on common sense."   *United States v. Chapman*, 7 F.3d 66, 68 (5th Cir. 1993).

---

[6] The Government called Attorney Daniel Edney as a witness. Mr. Edney's testimony was limited to his acknowledgment that he represented Baker; and to the existence of court proceedings and indictments involving Baker. Mr. Edney, therefore, did not violate any duty of confidentiality owed to Baker, his previous client

It defies common sense that Baker would not have known that he was under indictment. This court finds that Baker knew he had been indicted and therefore, ***knowingly*** made a false statement on the ATF Form.  This satisfies the second element required to be proven as listed above.

In  *Pearson, supra,*  the Court stated that even if a defendant presents some evidence of a good faith lack of knowledge in making a false statement, "[p]roof of knowingly making a false statement is necessarily circumstantial in the great majority of [these] cases." *Pearson* at 383 (citing *United States v. Garcia,* 479 F.2d 322, 324 (5th Cir. 1973)). In *Pearson,* the Fifth Circuit Court acknowledged that very little testimony had been presented at trial to establish that Pearson had knowledge of having been committed to a mental institution; but the Government did introduce into evidence the commitment order itself, which had been entered against Pearson only a few months before the attempted firearms acquisition.  The Fifth Circuit Court stated the following:

> The order by itself, on its face, could lead a rational jury to infer that Pearson had knowledge of his prior commitment, as it stated that Pearson had consulted his legal counsel and decided to waive a formal hearing with the court's approval regarding the commitment. With this evidence, along with the Government's other exhibits and witness testimonies, a rational jury could infer that Pearson had knowledge of his prior commitment order when he attempted to acquire a firearm.

*United States v. Pearson,* 818 F. App'x 382, 383 (5th Cir. 2020).

In the *Pearson* case, the Defendant also testified that he did not have knowledge of his prior commitment.  The Fifth Circuit Court, though, recognized that the factfinders, in that case, the jury, chose to assign great weight to the Government's exhibits and to believe

the Government's witnesses over the Defendant. *Id.* at 384 (citing *United States v. Grant* 683 F.3d 639, 642)).

The instance case feature far more evidence that Baker knew he was under indictment than evidence presented in the Person trial showing that Person knew he had been committed.

Defense counsel also attempted to show that Defendant Baker was unaware that as a person indicted for a felony, he would have been prohibited from purchasing a firearm. The Government offered and this court admitted into evidence the Form 4473 that was completed and signed by Baker and which Baker submitted to USA Pawn & Jewelry. Exhibit G-7. The ATF Form 4473, itself, states at more than one place that an indicted person is prohibited from receiving a firearm:

First, the instructions pertaining to question 11b. -12, state that "section 922(n) prohibits the shipment, transportation, or receipt in or affecting interstate commerce of a firearm *by one who is under indictment* or information for a felony in any Federal, State or local court, or any other crime, punishable by imprisonment for a term exceeding one year." *Exhibit G-7* at p. 4. These are the instructions for the question which asks if the applicant has been indicted for a felony. The applicant is told to answer "yes" or "no" in the boxes to the right of the questions. Question 11.b asks as follows: "Are you under indictment or information in any court for a felony, or any other crime for which the judge could imprison you for more than one year? (*See Instructions for Question 11.b.*)" *Exhibit G-7* at p. 1. Baker checked the box "no."

Secondly, just above his signature, in bold print, appears the following language. "I understand that a person who answers "yes" to questions 11.b. through 11.i. and/or 12.b.

through 12.c. *is prohibited from purchasing or receiving a firearm."*  Baker signed the form, certifying that he understood and certifying that his answers were true and correct.

Defendant Baker completed the form himself, which indicates that he was able to read and write. No evidence was presented that would indicate he was not able to read and write, or that he was unable to understand the form.

Therefore, even if Baker had been previously unaware that he was prohibited from purchasing a firearm, the instructions to the form and language on the face of the form, itself, would have informed him that it is unlawful for an indicted person to purchase a firearm.

The factfinder in this instance must also determine whether the Defendant knew he was making a false statement that was *material* at the time of his purchase or attempted purchase that was *intended to or likely to* deceive the seller of the firearm.  But, for an effort to deceive the seller of the firearm, the Defendant would have had no reason to falsify the information on the form; so, the false statement was intended to or likely to deceive the seller.   The false statement was material to the lawfulness of the sale since Baker's indictment prevented him legally from purchasing a firearm.

With respect to Count One, this court finds, in accordance with the stipulations of the parties, and based on the other evidence presented at the trial of this cause, as discussed above, that the circumstances presented by the evidence were sufficient to support an inference beyond a reasonable doubt that the statutory requirements are met for Count One -- that is --  that the false statements as to Defendant's indictment for a felony conviction were made *knowingly with intent to deceive* the dealer with respect to a fact *material* to the lawfulness of the sale.

**COUNT TWO:**

The Defendant, Cadrius Baker, was charged in Count Two of the indictment with violation of 18 U.S.C. § 924(a)(2), which makes it a crime for a person knowingly to make a false statement to a federally licensed firearms dealer to purchase a firearm.  Baker stipulated to making a false statement; stipulated that USA Credit Corp., d/b/a Pawn & Jewelry was a federally licensed firearms dealer; and stipulated that his false statement pertained to information that the law requires a licensed dealer to keep.

The only other element to be proven was that Baker ***knowingly*** made the statement. This court, as previously discussed, has found that Baker knew he was under indictment at the time he made the false statement.  He also knew, at least by the time he was completing the application, that he was prohibited, as an indicted person, from purchasing or receiving a firearm.  As earlier discussed, the certification above the signature line on the ATF Form 4473 requires the purchaser to acknowledge an understanding that persons answering "yes" to 11.b [7] (the question which asks if the purchaser has been indicted) are prohibited from purchasing or receiving a firearm.  Therefore, Baker knowingly made the false statement. This court finds, based on the evidence presented that Baker is guilty of Count Two.

**COUNT THREE:**

Baker stipulated to receiving a firearm on or about March 23, 2020, and stipulated that the firearm had traveled in interstate commerce, having been manufactured in the Country of Romania. This court already has found, as earlier discussed, that Baker knew he was under

---

[7] The pertinent portion of the certification is as follows:  "I understand that a person who answers yes to any of the questions 11.b through 11.i and/or 12.b through 12.c is prohibited from purchasing or receiving a firearm."
Trial Exhibt G-7.*Firearms Transactions Record* (p. 4).

indictment.  Furthermore, if he was not previously aware of it, Baker had been informed by the ATF Form 4473 that he was prohibited from having a firearm.  The instructions for questions 11.b through 12, provide as follows: "Furthermore, section 922(n) prohibits the **shipment, transportation, or receipt** in or affecting interstate commerce of a firearm by one who is under indictment or information for a felony…"  The form also stated, just above the signature line, that a person who answers "yes" to question 11.b. is prohibited from **purchasing or receiving** a firearm.

This court finds that Defendant's receipt of the firearm on or about March 23, 2020, which occurred after the date on which the Defendant completed Form 4473, was also willful.  Defendant says that after the ruling by the United States Supreme Court in *Rehaif v. United States,* 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019), the word "knowingly" requires the defendant to know not only that he possessed a firearm, but also that he had the relevant status when he possessed the firearm.  *Id.* In *Rehaif,* however, 18 U.S.C. §§922(g) and 924(a)(2) were at issue.  The Defendant there was charged with violating the provision of §922(g) that makes it unlawful for aliens illegally in this country, to possess firearms.  Section §924(a)(2) provides that anyone who knowingly violates the first provision can be imprisoned for up to 10 years.

To the extent  *Rehaif* applies to 18 U.S.C. § 922(n) and 924(a)(1)(D), the statutes at issue *sub judice*, the proof at trial established that when Baker took possession of the firearm at issue, he had knowledge of his status as someone who could not lawfully possess a firearm, by virtue of the information provided to him on Form 4473.

Based on the stipulated facts, which are in evidence, and the other evidence presented, this court has determined that the defendant, while under indictment for a felony, did

willfully receive a firearm that had traveled in interstate commerce in violation of 18 U.S.C. §922(n) and 924(a)(1)(D).

**CONCLUSION:**

As to **Count One**, this court finds the defendant, Cadrius Baker, **GUILTY** by proof beyond a reasonable doubt.

As to **Count Two,** this court finds the defendant Cadrius Baker, **GUILTY** by proof beyond a reasonable doubt.

As to **Count Three**, this court finds the defendant Cadrius Baker, **GUILTY** by proof beyond a reasonable doubt.

This court adopts, in addition, any findings of fact and conclusions of law, this court may have placed on the record at the conclusion of all of the evidence at the bench trial.

SO ORDERED AND ADJDUGED, this 30th day of _November, 2022.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE